[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2009
THOMAS K. KAHN
CLERK

No. 08-15097
Non-Argument Calendar

NLRB Nos. 15-CA-15350
15-CA-15388

WILLIAM A. GREENE,
a.k.a. Arnold Greene,
CYNTHIA D. GREENE,

Petitioners-
Cross-Respondents,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-
Cross-Petitioner.

Petition for Review of an Order and Cross Application for
Enforcement of the National Labor Relations Board

**(March 20, 2009)**

Before BIRCH, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This case is before us on petition for review and cross-application for enforcement of an order of the National Labor Relations Board ("NLRB"). The only issue pending in this petition is whether the NLRB reasonably determined that William A. Greene and Cynthia Greene ("the Greenes") failed to establish that the NLRB's associate chief administrative law judge ("ALJ") abused his discretion by denying their motion for continuance of an October 30, 2002, compliance hearing.

We review for abuse of discretion an administrative law judge's refusal to grant a hearing continuance. *NLRB v. Miami Coca-Cola Bottling Co.*, 360 F.2d 569, 576 (5th Cir. 1966).[1]

After reviewing the record, and reading the parties' briefs, we conclude that there is no reversible error. Interestingly, in their petition, the Greenes do not contest any portion of the second supplemental decision and order in which the NLRB determined that they were personally liable for their company's back pay

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

obligation. Moreover, the exact amounts of those obligations were previously enforced by the D.C. Circuit Court of Appeals in *Carpenters & Millwrights, Local Union 2471 v. NLRB*, 481 F.3d 804 (D.C. Cir. 2007). Hence, the NLRB requests that if we reject the Greenes' due process argument, then the NLRB is entitled to summary enforcement of its order in full. *See NLRB v. Dynatron/Bondo Corp.*, 176 F.3d 1310, 1313 n.2 (11th Cir. 1999).

On the merits of the Greenes' motion to continue, the NLRB found that the Greenes failed to establish that the ALJ abused his discretion by denying their motion. The Greenes' motion to continue only claimed that lead counsel had an unnamed scheduling conflict on the hearing day and that the Greenes had insufficient time to prepare a defense because the compliance specification was 26 pages long and covered back pay for 118 employees. The ALJ denied the motion, finding that the Greenes had not established good cause for delaying the case, which had been actively litigated since 1999. More specifically, the ALJ asserted that Greenes' counsel had given no particulars regarding his asserted calendar conflict, nor had he suggested what issues, if any, complicated his hearing preparation other than the length of the compliance specification. In a motion for reconsideration, the Greenes did not cure their earlier deficiencies. Importantly, the Greenes did appear at the hearing, testified, and put on a defense, represented

by another lawyer in the same law firm.  Consequently, the NLRB found that the ALJ did not abuse his discretion and that the Greenes' due process rights were not violated.  We agree.

Moreover, the Greenes have failed to assert - let alone establish - the requisite "positive showing of prejudice" needed to support a finding that an ALJ abused his discretion.  *See Daylight Grocery Co. v. NLRB*, 678 F.2d 905, 910 (11th Cir. 1982).  Accordingly, we deny the Greenes' petition for review but grant the cross-application for enforcement.

**PETITION FOR REVIEW DENIED, CROSS-APPLICATION FOR ENFORCEMENT GRANTED.**